# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-4953 PA (VBKx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | Novelty Textile, Inc. v. Charlotte Russe, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**         ORDER TO SHOW CAUSE

The Court has reviewed the First Amended Complaint ("FAC") filed by plaintiff Novelty Textile, Inc. ("Plaintiff"). Plaintiff alleges claims for copyright infringement against defendants Charlotte Russe, Inc. and A'Gaci, L.L.C. According to the FAC, defendant Charlotte Russe, Inc. is alleged to have infringed a copyright owned by Plaintiff (Design NV-2011). Defendant A'Gaci, L.L.C. is alleged to have infringed two copyrights owned by Plaintiff (Design NV-2011 and Design NV-1838).

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Proc. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the FAC, it does not appear that there is a question of fact or law common to all defendants, nor is it clear that Plaintiff's claims against defendants arise out of the same transaction or occurrence. Specifically, it is not apparent what connection, if any, each defendant has with one another. Nor are any facts alleged in the FAC to satisfy Rule 20(a)(2). See, e.g., Star Fabrics, Inc. v. Sears Roebuck & Co., 2013 U.S. Dist. LEXIS 49204 (C.D. Cal. Apr. 4, 2013) (Order to Show Cause).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4953 PA (VBKx) | Date | July 29, 2013 |
|---|---|---|---|
| Title | Novelty Textile, Inc. v. Charlotte Russe, Inc., et al. | | |

      The Court therefore orders Plaintiff to show cause in writing, no later than August 12, 2013, why one or more defendants should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

      In response to this Order to Show Cause, Plaintiff may, if it so chooses, dismiss its claims against all but the first-named defendant in this action and a file separate actions against the remaining defendants with new complaints and filing fees.

      IT IS SO ORDERED.